UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORKIS ENAMERADO VALDES,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No.  1:26-cv-04782-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 1)

On June 22, 2026, petitioner, proceeding *pro se*, filed a combined petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE") and a temporary restraining order seeking his immediate release from custody.  (Doc. No. 1.)  On June 24, 2026, the court set a briefing schedule on the pending motion and directed respondent to indicate in respondent's opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 4.)  In that same order, the court directed that if respondent opposed a court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 25, 2026, respondent filed an opposition to the pending motion.  (Doc. No. 5.)  In that opposition, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C.

1

§ 1225(b)(2) (*id.* at 1–2), an argument that the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent concedes that there does not appear to material differences between this case and those cited in the court's June 24, 2026 order. (Doc. No. 5 at 1–2.) Respondent has not argued that petitioner is a danger to the community or a flight risk. Finally, respondent has also stated a lack of opposition to the court ruling on the merits of pending *habeas* petition based upon the briefing currently before it, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner entered the United States on or about November 14, 2022, where he was briefly detained and released into this country on his own recognizance. (Doc. No. 1 at 9.) Petitioner subsequently applied for asylum and was granted a work authorization through November 2027. (*Id.*) The parties provide conflicting accounts of the circumstances surrounding petitioner's recent re-detention. Petitioner alleges that he was re-detained at an ICE office in Miramar, Florida on March 2, 2026. (*Id.*) Respondent represents that petitioner was originally arrested by local law enforcement for driving on a suspended license and possession of a controlled substance and subsequently transferred into ICE custody on or about February 9, 2026. (Doc. No. 5 at 1.) In any event, there is no indication that petitioner was provided with a pre-detention hearing before he was re-detained into ICE custody.

Pursuant to the reasoning in the court's prior order *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), the court concludes that petitioner obtained a liberty interest in his continued release when immigration authorities released him from custody in 2022 and that the government's decision to re-detain him without a pre-detention hearing violates due process.

For the reasons explained above,

1.     Petitioner's petition for writ of *habeas corpus* and motion for temporary restraining order (Doc. No. 1) is GRANTED in part:

    a.     The petition for writ of *habeas corpus* is GRANTED as follows:

/////

       i.      Respondent is ORDERED to immediately release petitioner Georkis Enamerado Valdes, A-File No. 216-631-683, from respondent's custody under the same conditions, if any, he was subject to prior to his re-detention;

      ii.      Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

b.    Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting his petition for *habeas* relief on the merits;

2.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

3.    The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2026**                  _____

                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE